# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| Lora Ann Busbee, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:18-cv-943-TMC |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Andrew M. Saul, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

On August 8, 2019, Plaintiff Lora Ann Busbee filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on the basis that she was the prevailing party and that the position taken by the Commissioner[1] in this action was not substantially justified. (ECF No. 28). On August 21, 2019, Defendant filed a response stating that he does not oppose payment of the attorney's fees and expenses requested in Plaintiff's motion. (ECF No. 30).

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States, unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).[2] The district courts have discretion to determine a reasonable fee award and whether that award should

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), he is automatically substituted for Defendant Nancy A. Berryhill who was the Acting Commissioner of Social Security when this action was filed.

[2] A party who wins a remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993). The remand in this case was made pursuant to sentence four. (ECF Nos. 26, 27).

be made in excess of the statutory cap. *Pierce v. Underwood*, 487 U.S. 552 (1988); *May v. Sullivan*, 936 F.2d 176, 177 (4th Cir. 1991).

District courts also have broad discretion to set the attorney fee amount. In determining the fee award, "[e]xorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize and discount." *Hyatt v. North Carolina Dep't of Human Res.*, 315 F.3d 239, 254 (4th Cir. 2002) (citing *Comm'r v. Jean*, 496 U.S. 154, 163 (1990)). Additionally, the court should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B).

Plaintiff has asked for the payment of attorney's fees in the amount of $4,020.00 and expenses in the amount of $16.00. (ECF No. 28 at 2). Defendant responded, stating that he does not oppose payment of the requested amount of attorney's fees and expenses. (ECF No. 30 at 1). Despite there being no objection, however, the court is obligated under the EAJA to determine if the fee is proper. *See Design & Prod., Inc. v. United States*, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation."). Applying the above standard to the facts of this case, the court concludes that the Commissioner's position was not substantially justified. Furthermore, after a thorough review of the record, the court finds the unopposed request for fees and costs is appropriate. Accordingly, the court

**GRANTS** the Motion for Attorney's Fees and Costs (ECF No. 28) and orders that Plaintiff be awarded attorneys' fees in the amount of $4,020.00 and expenses in the amount of $16.00.[3]

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

August 23, 2019
Anderson, South Carolina

---

[3] The court notes that the fees must be paid to Plaintiff. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (June 14, 2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (same).